As it respects this cause of demurrer I have no difficulty in saying that it can not be sustained. The action for the recovery of the money is properly brought in the name of the plaintiffs: they show themselves to be the owners of the demand. In regard to the cause of demurrer first specified, it is insisted by the counsel for the plaintiffs, that "the demand for the money and the demand for the delivery of the three notes, being both rights which accrue from the same state of facts, are properly both demanded in the conclusion of the complaint which states these facts."
The demurrer assumes, as I shall, that the complaint states facts sufficient to constitute two causes of action, one for the *Page 490 
recovery of the money and the other for the notes. The question then is, can these two distinct causes of action be united? That must depend upon the provisions of the code.
Section 167 provides, that in seven specified cases several causes of action may be united in the same complaint, observing the rules prescribed in that section for that purpose. I think that the complaint is bad, because it unites two causes of action without stating them separately, and because they do not belong to any one class as specified in section 167, of which there are seven. The causes of action which are allowed to be united, must belong to some one of the seven classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated. The separate statement of a cause of action, and the separate counts of a declaration, are equivalent expressions.
The necessity of having each stated by itself in a different count, is as imperative under the code as under the former mode of pleading. The case of Handy v. Chatfield (23 Wend. 35), shows what that was. By stating each separately, confusion is avoided, a definite issue can be framed on each cause of action, and it can be more conveniently tried. There should be as manyseparate statements as there are causes of action. In this case there are two causes of action, or at least it is so claimed; not separately stated, but blended together in a single statement. The counsel for the plaintiffs insist that these two claims or causes of action are embraced either within the first class specified in section 167; that is, "claims arising out of" contract, express or implied, or within the seventh class; that is, "claims against a trustee by virtue of a contract or by operation of law."
In respect to the claim for the delivery of the notes to the plaintiffs, there is no contract alleged, out of which the claim is supposed to arise, nor can I see how such a contract is implied. The facts stated, it seems to me exclude the idea of there being any contract, express or implied, upon which a claim to deliver the notes to the plaintiffs in payment of them can be founded. When paid, the notes ceased to be the property of the defendant, *Page 491 
it is true, and it is at least doubtful whether they were of any value to any one (Todd v. Crookshanks, 3 Johns. 432); but it is unnecessary to decide that question, and I do not intend to express any opinion upon it. If any action could be sustained by any person against the holder of the notes after having received payment, to recover them specifically, by reason of a refusal to deliver them up upon the facts stated, an action for breach of contract to deliver them could not be maintained. Nor in my opinion do the claims in question come within the seventh class of cases specified in section 167. That only embraces claims which arise against a trustee by virtue of some contract or by operation of law. It is obvious, as I think, that it intended to provide for the enforcement of trusts, properly so called. In regard to the money, on its receipt the defendant became a debtor to the plaintiffs for the amount beyond the sum applied in payment of the notes, and as to the notes if any action can be sustained at law against the defendant for withholding them, it must be an action of tort. The defendant in no sense is answerable to the plaintiffs in the character of a trustee. The judgment should be affirmed.
WELLES, J., concurred with Judge Jewett in favor of affirming the judgment.